UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUALIN PENG (A# 243-107-811),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br>Respondent. | No. 1:26-cv-05910 DJC SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee proceeding through appointed counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The assigned District Judge referred the matter to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1). ECF No. 5.

Shortly after Petitioner filed a counseled merits brief, Respondent filed a notice of changed circumstances—that Immigration and Customs Enforcement ("ICE") has obtained a travel document for Petitioner to be removed to China. ECF No. 10. The undersigned granted Respondent's request to lift the "no-transfer" order and directed the Parties to file a status report within fourteen days addressing whether Petitioner has been removed from the United States. ECF No. 11. On September 15, 2026, Respondent filed a status report and supporting documentation reflecting that Petitioner was removed to China on September 10, 2026, via a commercial flight out of the Los Angeles International Airport. ECF No. 12.

Petitioner's documented removal from the United States moots his pending challenge to his immigration detention. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that since petitioner's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order . . . [h]is petition was . . . moot by his removal"). As a result, the undersigned recommends that Petitioner's § 2241 petition be dismissed as moot. See Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (holding that federal courts "have an independent duty to consider" mootness sua sponte).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed as moot based on Petitioner's removal from the United States.

2. Petitioner's motion for temporary restraining order (ECF No. 2) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE